UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MEDIATE, an individual, | Case No. 12cv2294-BEN (JMA) |
| Plaintiff, | |
| v. | **ORDER ON JOINT MOTION REGARDING PLAINTIFF'S "PITCHESS" REQUEST TO DOCUMENTS** |
| CITY OF SAN DIEGO, a municipal corporation, SAN DIEGO POLICE OFFICER DANIEL LEACH, previously named as BRIAN LEACH, | **[DOC. NO. 28]** |
| Defendants. | |

Pursuant to the Court's *Procedures for Obtaining Internal Law Enforcement Documents*, the parties have filed a Joint Motion for Determination of Discovery Dispute regarding the production of internal law enforcement documents by Defendants City of San Diego ("the City") and Brian Leach ("Leach") to Plaintiff Eric Mediate ("Mediate").  Doc. No. 28. Defendants also submitted two binders of all documents listed on its "Privilege Log of Responsive Documents to Request for Production Nos. 1 & 2/3, 7 & 8" " to the Court for *in camera* review.  The Court has now reviewed the joint motion and subject documents.  Based upon the *in*

//

*camera* review and the Court's evaluation of the parties' arguments, the Court issues the following order.

## I. BACKGROUND

This action is brought under 42 U.S.C. § 1983 against the City and Leach by Mediate. Mediate alleges that on September 24, 2010, while attending a San Diego Padres game at Petco Park, San Diego police officers and Petco Park security escorted Mediate to a holding cell in the park, after receiving a complaint that Mediate's group was being loud and obnoxious. Doc. No. 1, ¶ 6; Gilliland Dec'l ¶ 3. Mediate alleges that while he was in the holding cell, Leach threw him twice across the cell, headfirst into the cell walls. Id. Leach is alleged to have reported that Mediate was injured when he "slipped." Gilliland Dec'l ¶ 3.

## II. DISCUSSION

Mediate presently moves the Court to compel the production of documents identified in Defendants' privilege log, pursuant to the stipulated protective order in this action. Doc. No. 28 at 5. The documents at issue include records relating to the Internal Affairs ("IA") investigation of the subject incident, disciplinary actions taken by the San Diego Police Department as to Leach, and records of non-party complaints regarding Leach.

Defendants object to the release of this information on the basis that it is confidential and is protected from production under federal and California state privacy laws and the official information privilege. Doc. No. 28 at 10-11. Defendants also object to Mediate's document request on the basis it is overly broad in that it calls for the production of I.A. records dating back to 1997, regarding events that transpired in 1995, over fifteen years before the subject incident. Doc. No. 28 at 11. Defendants request that any information ordered to be produced by the Court be produced pursuant to the parties' stipulated protective order. Doc. No. 28 at 9-10. Defendants

also request that any personal information of officers and any non-party personal information be redacted prior to disclosure. Doc. No. 28 at 11.

A. **Legal Standards**

Federal Rule of Civil Procedure 26 states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). The scope of discovery under the Federal Rules is extremely broad. See, e.g., Kelly v. City of San Jose, 114 F.R.D. 653, 668 (N.D. Cal. 1987). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

"[I]n federal question cases where pendent state claims are raised the federal common law of privileges should govern all claims of privilege raised in the litigation." Perrignon v. Bergen Brunswig Corp., 77 F.R.D. 455, 459 (N.D. Cal. 1978). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly, 114 F.R.D. at 655.

With respect to a party's assertion of privacy rights as a means to protect documents from discovery, federal courts ordinarily recognize that a constitutionally-based right of privacy can be raised in response to discovery requests. Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995). The resolution of a privacy objection involves a balancing of the need for the information sought against the privacy right asserted. Id.

1 (citing Perry v. State Farm Fire & Cas. Co., 734 F.2d 1441, 1447 (11th Cir.
2 1984)).  "In the context of the disclosure of police files, courts have recog-
3 nized that privacy rights are not inconsequential." Soto, 162 F.R.D. at 616.
4 "Federal courts should generally give some weight to privacy rights that are
5 protected by state constitutions or state statutes." Kelly, 114 F.R.D. 653,
6 656 (N.D. Cal. 1987).  "However, these privacy interests must be balanced
7 against the great weight afforded to federal law in civil rights cases against
8 police departments." Soto, 162 F.R.D. at 616.

9     Federal common law recognizes a qualified privilege for official
10 information. Kerr v. United States Dist. Ct. for the Northern Dist. of Cal.,
11 511 F.2d 192, 198 (9th Cir. 1975).  The discoverability of official documents
12 is determined under the "balancing approach that is moderately pre-
13 weighted in favor of disclosure." Kelly, 114 F.R.D. at 661.  The party
14 asserting the privilege must properly invoke the privilege by making a
15 "substantial threshold showing." Id. at 669.  The party must file an objec-
16 tion and submit a declaration or affidavit from a responsible official with
17 personal knowledge of the matters attested to in the affidavit. Id.  The
18 affidavit must include:  (1) an affirmation that the agency has generated or
19 collected all of the subject material and that it has maintained its confidenti-
20 ality; (2) a statement that the official has personally reviewed the material in
21 question; (3) a specific identification of the governmental or privacy inter-
22 ests that would be threatened by disclosure of the material to the plaintiff
23 and/or his or her attorney; (4) a description of how disclosure subject to a
24 carefully crafted protective order would create a substantial risk of harm to
25 significant governmental or privacy interests; and (5) a projection of how
26 much harm would be done to the threatened interest or interests if disclo-
27 sure were made. Id. at  670.
28 / /

B. <u>**Relevance**</u>

Records relating to the subject incident, including records of the I.A. investigation and disciplinary action taken as to Leach, are indisputably relevant. <u>See</u> <u>Kelly</u>, 114 F.R.D. at 665-66 (stating that internal affairs investigations, including the statements that go into such reports and the opinions and recommendations that conclude them, are "presumptively discoverable").

Likewise, records of other disciplinary actions taken by the San Diego Police Department as to Leach, and records of non-party complaints regarding Leach are generally relevant. <u>See</u> <u>Soto</u>, 162 F.R.D. at 620. Such information "may be crucial to proving [a] [d]efendant's history or pattern of such behavior." <u>Id.</u> Information of this type may also be relevant on issues of "credibility, notice to the employer, ratification by the employer and motive of the officers." <u>Hampton v. City of San Diego</u>, 147 F.R.D. 227, 229 (S.D. Cal. 1993). Furthermore, such information may be relevant to the issue of punitive damages, as the "information may lead to evidence of a continuing course of conduct reflecting malicious intent." <u>Id.</u> Accordingly, the Court finds that the documents at issue are generally relevant to Mediate's claims in this case.

C. <u>**Scope of Time**</u>

The documents sought by Mediate include records relating to disciplinary actions taken as to Leach in 1995 and 1997, and which concern unrelated events that occurred approximately fifteen and sixteen years prior to the subject incident. The documents include Exhibits 8-13, Disciplinary Package, November 19, 1997; Exhibits 8, 14-23, Disciplinary Package, February 21, 1995; Exhibit 24, September 5, 2000 Request re: Disciplinary Files; and Exhibit 25, November 25, 1999 Listing of all Disciplinary Action for Employee. The events that gave rise to the documents

occurred too remote in time to be discoverable in this case.  See, e.g., Hogan v. Robinson, 2006 WL 1049979, at *6 (C.D. Cal. 2006) (ordering production of similar documents for a five year time period).  Thus, these documents may be withheld from production.

**D.     Official Information Privilege**

Although the official information privilege is asserted for all the documents at issue, Defendants have not submitted a declaration or affidavit from a responsible official in support of the privilege claim. Because a threshold showing has not been made for these documents, the privilege has not been properly invoked and is not a basis for witholding documents from production. Kelly,114 F.R.D. at 669.  The Court, therefore, turns its attention to Defendants' objections based on privacy.

**E.     Privacy**

As set forth above, resolution of a privacy objection requires a balancing of the need for the information sought against the privacy right asserted.  Here, the Court finds Plaintiff's need for the information sought is great.  This information is unlikely to be available from any source other the Defendants' records. As the court in Kelly stressed, there is a strong public interest in uncovering civil rights violations of the type at issue in this case. Soto, 162 F.R.D. at 617; Kelly, 114 F.R.D. at 667.  After considering "the great weight that is afforded to federal civil rights laws" (see Soto, 162 F.R.D. at 617) and the case law discussed above, the Court finds the privacy interests asserted by Defendants with respect to these documents on the whole are outweighed by Plaintiff's need for the information. Moreover, a stipulated protective order was entered in this case which limits the dissemination of any documents ordered disclosed. See Doc. No. 30.  The protective order and, as discussed below, the redaction of any highly personal information for which Plaintiff has not shown a need, will amply

protect Defendants' privacy interests.  See, e.g., Soto, 162 F.R.D. at 616 (stating that "[a] carefully drafted protective order could minimize the impact of . . . disclosure").

**F.    Redactions**

Defendants request the personal information of Leach and other officers, as well as non-party personal information, be redacted prior to production. To the extent personal information of Leach or other law enforcement officers is contained in the documents ordered to be produced, i.e., home addresses, telephone numbers, family members, etc., or the personal information of other non-parties, i.e. license plate information, social security numbers, etc., such information may be redacted prior to production, as Plaintiff has not shown a need for such information.

**III.   CONCLUSION**

Based on the foregoing, and pursuant to the Court's *in camera* review, the Court **ORDERS** Defendants to produce all documents listed in Defendants' privilege log that have not previously been produced, with the exception of Exhibits 8-13, Disciplinary Package, November 19, 1997; Exhibits 8, 14-23, Disciplinary Package, February 21, 1995; Exhibit 24, September 5, 2000 Request re: Disciplinary Files; and Exhibit 25, November 25, 1999 Listing of all Disciplinary Action for Employee. Personal information of Leach, other law enforcement officers, and other non-parties may be redacted consistent with Section II. F, above. If, after receipt of the documents, Mediate questions Defendants' redaction of a document(s), counsel are to meet and confer regarding the particular redaction(s).

All documents shall be produced to Plaintiffs within ten days of the date of this Order and shall be subject to the Protective Order entered by the Court on March 3, 2014.

/ /

Defendants shall contact the undersigned's chambers at (619) 557-5585 to make arrangements to retrieve their documents.

**IT IS SO ORDERED**

**DATED:  April 25, 2014**

**Jan M. Adler**
**U.S. Magistrate Judge**